On Application for Rehearing.
LAND, J.
Plaintiff sued to recover the sum of 85,000, furnished by her to her husband, out of her paraphernal funds, which were used by him in cultivating, harvesting, and manufacturing into syrup a crop of sugar on the Waveland Plantation in the Parish of St. Mary. The petition alleged that the husband executed “a crop privilege” in favor of his wife, pledging and pawning to her the aforesaid crop, which was duly recorded; and that petitioner had a privilege upon said syrup which entitled her to a writ of sequestration. It is conceded that *415 the agreement' between the husband and wife as to the “crop privilege” is a nullity; but it is argued that a crop privilege resulted from the furnishing of the money and its use in the making of the crop. • Article 3217 of the Civil Code provides for a privilege on the crops of the year, and the proceeds thereof, for “debts due for money actually advanced and used for the purchase of necessary supplies and the payment of necessary expenses for any farm or plantation.” “Debt” is a common-law word and signifies—
“in legal acceptation a sum of money due by express or certain agreement; * * * a fixed and certain obligation to pay money, or some other valuable thing, either in the present or in the future.” 13 Cye. 393-394.
A debt for money advanced implies a loan, which is a commutative contract, imposing on the borrower the obligation to pay money,, or to return a valuable thing. Civil Code, 2891-2924. As the spouses cannot make a contract of loan with each other, or any other kind of contract, except transfers of property, as specified in article 2446 of the Civil Code, they cannot by agreement, express or implied, create a debt due for money advanced, or for necessary supplies for any farm or plantation. If the wife permits her husband to use her paraphernal funds, the law gives her a legal mortgage to secure their reimbursement. Civil Code, art. 3319, 3349. The law gives the wife a right of action against her husband for the restitution of her paraphernal effects. Civil Code, art. 2391. But the law does not give the wife a privilege to secure such restitution. It is well settled that the wife has no right of action against the husband, except to obtain separation' from bed and board or divorce; to obtain separation of property; to obtain restitution ,.and enjoyment of her paraphernal property. Code of Practice (Garland’s Ed.) art. 105, notes. Under such a system it is legally impossible for the wife by dealing with her husband to acquire a privilege on his movables, and the right to enforce the same by writs of sequestration. Under the laws of this state the spouses are forbidden to have business transactions with each other, except in the few cases especially permitted by law.
As the plaintiff’s sequestration must be dismissed because she has no privilege, it is unnecessary to decide the interesting question of the right of the plaintiff to sequester property, which had been previously sequestered and released on bond to another claimant.
Rehearing refused.
PROVOSTY, J., dissents.